UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 24-10560

v.                                     Judith E. Levy
                                     United States District Judge

J&A Tax Services, LLC, *et al.*,
                                     Mag. Judge Kimberly G. Altman

                Defendants.

_____/

**ORDER VACATING CLERK'S ENTRIES OF DEFAULT [16, 17, 18, 21] AND ORDERING *PRO SE* DEFENDANTS TO AMEND THEIR ANSWERS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8**

On March 6, 2024, the United States of America filed a complaint, alleging that Defendant J&A Tax Services, LLC, and six individual Defendants – Ann Heibeck, Crystal Patrick, Debra Washington, Kianna Dancy, Sade Cooper, and Tasha Washington – violated 26 U.S.C. §§ 6694 and 6695 during their work as tax preparers. (ECF No. 1.) Tasha Washington, Sade Cooper, and Crystal Patrick were served on April 3, 2024. (ECF Nos. 4, 5, 6.) J&A Tax Services, LLC, and Ann Heibeck were served on April 6, 2024. (ECF Nos. 7, 8.) Kianna Dancy was served on

April 17, 2024. (ECF No. 9.) On May 30, 2024, the Government filed a document titled "Certificate of Service of Process on Debra Washington," which indicates that Debra Washington was served pursuant to Michigan Court Rule 2.105(A)(2) on April 27, 2024. (ECF No. 14.)

Ann Heibeck, J&A Tax Services, and Kianna Dancy filed timely answers. (ECF Nos. 10, 11, 13.) Sade Cooper, Crystal Patrick, Tasha Washington, and Debra Washington did not file an answer within 21 days of being served. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). The Government filed a request for the Clerk to enter defaults against Tasha Washington, Sade Cooper, and Crystal Patrick on June 11, 2024 (ECF No. 15), and filed a request for Clerk's entry of default against Debra Washington on July 16, 2024. (ECF No. 20.) The Clerk entered defaults for these four Defendants. (ECF Nos. 16, 17, 18, 21.)

These four Defendants have since filed answers and are representing themselves *pro se*. (ECF Nos. 19, 22, 23, 25, 26.) The Government requests that the Court vacate the entries of default against these *pro se* Defendants. (ECF No. 27.) The Court will grant this request.

Pursuant to Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." It is up to the discretion of the

2

District Court to set aside an entry of default. *Krowtoh II LLC v. ExCelsius Int'l Ltd*, 330 F. App'x 530, 534 (6th Cir. 2009). District Courts are to consider three factors when determining if "good cause" exists to set aside an entry of default: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *Id.* (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

As an initial matter, the Court will construe Defendants' filings as requesting that the entry of default be set aside. These Defendants are representing themselves *pro se*, and *pro se* filings are "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Further, the *pro se* Defendants' answers indicate that they intend to litigate the case on its merits. (ECF Nos. 19, 22, 23, 25, 26.)

The Court finds that good cause exists for the entry of default to be vacated. First, there is no indication that "culpable conduct of the [Defendants] led to the default." (*Id.*) "[F]or the defendant to be deemed culpable for the default, he 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on

3

judicial proceedings.'" *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010) (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996)). At this stage of the case, these Defendants have not displayed either. In fact, all Defendants have attempted to correct their mistake by filing an answer, albeit their filings being late.

Second, Defendants appear to raise meritorious defenses in their answers. A defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *$22,050.00 U.S. Currency*, 595 F.3d at 326. In their answers, all four of the Defendants deny that they intentionally engaged in the alleged behavior and that the allegations are "false." (ECF Nos. 19, 22, 23, 25, 26.) As such, there is "a hint of a suggestion" that there is a meritorious defense because, if the allegations are false (as these Defendants claim), they are not liable for violations of federal law. *$22,050.00 U.S. Currency*, 595 F.3d at 326.

Third, there is no indication that Plaintiff will be prejudiced by setting aside the entry of default. Plaintiff itself requests that the entries of default be set aside.

4

For the reasons set forth above, the Clerk's entries of default as to Sade Cooper, Crystal Patrick, Tasha Washington, and Debra Washington are vacated.

Additionally, Defendants Sade Cooper, Crystal Patrick, Tasha Washington, and Debra Washington are ordered to amend their answers to comply with Federal Rule of Civil Procedure 8.

According to Federal Rule of Civil Procedure 8(b)(1): "[i]n responding to a pleading, a party must [] state in short and plain terms its defenses to each claim asserted against it; and [] admit or deny the allegations asserted against it by an opposing party." This Rule also states that "[a] party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3).

Based on the *pro se* Defendants' filings, it is not clear if they intend to deny all of the allegations in Plaintiff's complaint. All four *pro se* Defendants state that "all the allegations . . . are false" (ECF Nos. 19, 22, 23, 25), or "that these allegations are false." (ECF Nos. 26.) However, all

5

four *pro se* Defendants also specifically assert that ¶ 339 of the complaint is "untrue." (ECF Nos. 19, 22, 23, 25, 26.) The *pro se* Defendants are ordered to submit an amended answer that specifies the allegations in the complaint that they deny.

For the reasons set forth above, the Court VACATES the Clerk's entries of default as to Sade Cooper, Crystal Patrick, Tasha Washington, and Debra Washington. (ECF Nos. 16, 17, 18, 21.) Defendants Sade Cooper, Crystal Patrick, Tasha Washington, and Debra Washington are ORDERED to file amended answers that comply with Federal Rule of Civil Procedure 8 by **November 1, 2024**. Failure to file an adequate amended answer could lead to entry of default and default judgment.

IT IS SO ORDERED.

Dated: October 1, 2024             s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 1, 2024.

                                                    s/William Barkholz
                                                   WILLIAM BARKHOLZ
                                                   Case Manager