# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                     Plaintiff,

v.

J&A Tax Services, LLC, *et al.*,

                     Defendants.

Case No. 24-10560

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [49]

Before the Court is Plaintiff's motion for summary judgment against Defendants J&A Tax Services, LLC, and Ann Heibeck. (ECF No. 49.) On June 11, 2026, the Court held a hearing and heard oral argument on Plaintiff's motion. For the reasons set forth on the record, Plaintiff's motion for summary judgment against Ann Heibeck and J&A Tax Services, LLC, is GRANTED. (ECF No. 49.) The terms of the permanent injunction against both Defendants are set forth in the judgment.

Plaintiff's motion for summary judgment also requests that the Court enjoin J&A Tax and Accounting Services, LLC, which does

business as Equitax Accounting and Tax Service ("J&A 2"). (ECF No. 49, PageID.489.) Per the Court's instructions, Plaintiff submitted a notice of supplemental authority regarding the Court's authority to enjoin J&A 2. (ECF No. 63.) The Court issued a text-only order on June 19, 2026, permitting Defendant Heibeck to file a response to the Government's supplemental authority by June 25, 2026. Heibeck did not file a response.

Federal Rule of Civil Procedure 65(d)(2) states that injunctions bind parties, the parties' "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation with" the parties or those listed persons. In order for an injunction to bind any of those persons, they must "receive actual notice of it by personal service or otherwise." Fed. R. Civ. P. 65(d)(2).

J&A 2 is not a party to the litigation. However, Defendant Heibeck is an owner of J&A 2 and "prepare[d] federal income tax returns at [J&A 2]." (ECF No. 54-4, PageID.1716–1717.) As such, the Court finds that Heibeck, as an owner of J&A 2, received and will receive "actual notice" of the injunction against J&A 2. Additionally, the Court finds that J&A 2 was "in active concert or participation with" Heibeck. Fed. R. Civ. P. 65(d)(2)(C). It is undisputed that Heibeck prepared 3,416 income tax

returns for J&A 2 for the 2024 tax year, and that she submitted returns under her husband's PTIN number and not her own because the Department of Justice "smeared [her] name all over the internet" and she thus "didn't want [her] PTIN on there until this was all done with." (ECF No. 54-4, PageID.1850, 1731–1732.)[1] As such, the Court finds that enjoining J&A 2 under the terms of the injunction is appropriate and Plaintiff's request to enjoin J&A Tax and Accounting Services, LLC, is GRANTED. The terms of the injunction against J&A Tax and Accounting Services, LLC, are also set forth in the judgment.

IT IS SO ORDERED.

Dated: July 13, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

---

[1] Such behavior warrants an injunction barring J&A 2 from the business of tax return preparation under 26 U.S.C. § 7402, as these actions constitute "substantial[ ] interfere[ance] with the administration and enforcement of the internal revenue laws." *United States v. ITS Fin., LLC*, 592 F. App'x 387, 390 (6th Cir. 2014).