**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United State of America,

Plaintiff,

v.

J&A Tax Services, LLC, *et al.*,

Defendants.

______________________________/

Case No. 24-10560

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

**OPINION AND ORDER DENYING JAMES HEIBECK'S MOTION TO INTERVENE [64] AND DENYING AS MOOT JAMES HEIBECK'S MOTION FOR RECONSIDERATION [69] AND MOTION TO SUPPLEMENT THE RECORD [72]**

Before the Court is putative intervenor James Heibeck's motion to intervene (ECF No. 64), motion for reconsideration (ECF No. 69), and motion to supplement the record. (ECF No. 72.) For the reasons set forth below, Mr. Heibeck's motion to intervene is denied, and his motion for reconsideration and motion to supplement the record are denied as moot. (ECF Nos. 69, 72.)

Plaintiff United States of America filed a motion for summary judgment in this case on March 9, 2026, against J&A Tax Services, LLC

("J&A 1") and Ann Heibeck. (ECF No. 49.) In the motion, Plaintiff asked that any injunction issued extend to J&A Tax and Accounting Services, LLC ("J&A 2"). (*Id.* at PageID.489.) The Court held a hearing on this motion on June 11, 2026. At the hearing, the Court requested supplemental briefing on Plaintiff's request for an injunction against J&A 2. Plaintiff filed a timely notice of supplemental authority. (ECF No. 63.) No responses were filed by Defendant or Intervenor, despite the Court's text-only order on June 19, 2026 stating, "Defendant Ann Heibeck may file a response to the government's supplemental authority (ECF No. 63) by 6/25/2026."

On July 13, 2026, "James Heibeck's Motion to Intervene Pursuant to FRCP 24 to Object to Plaintiff's Proposed Order" was filed. (ECF No. 64.) That same day, the Court issued an order granting Plaintiff's motion for summary judgment along with a permanent injunction against J&A 1 and 2, as well as Defendant Ann Heibeck. (ECF Nos. 65, 66.) Mr. Heibeck subsequently filed his motion for reconsideration (ECF No. 69) and motion to supplement the record. (ECF No. 72.)

Federal Rule of Civil Procedure 24 governs motions to intervene. Under either Rule 24(a) or (b), the proposed intervenor bears the burden

of establishing that they either have the right or should be permitted to intervene. *See United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) ("The proposed intervenor must prove each of the four factors [for Rule 24(a)(2) intervention]; failure to meet one of the criteria will require that the motion to intervene be denied." (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989))); *United States v. Michigan*, No. 23-1944, 2025 WL 764613, at *2 (6th Cir. Mar. 11, 2025) ("With respect to permissive intervention, a proposed intervenor must establish . . . .'" (citing *Buck v. Gordon*, 959 F.3d 219, 223 (6th Cir. 2020))).

Mr. Heibeck's motion to intervene is completely insufficient to justify intervention. (ECF No. 64.) Mr. Heibeck does not explain whether he seeks intervention as of right under Rule 24(a) or with the Court's permission under Rule 24(b). Additionally, he has not met his burden of establishing his right to intervene or that the Court should permit intervention because he does not address any criteria for intervention under Rule 26(a) or (b).

There are signs that Mr. Heibeck seeks intervention under Rule 24(a). (*See* ECF No. 64, PageID.2498 (representing in his statement of issues presented that one issue is "WHETHER THE MOTION TO

INTERVENE IS TIMELY FILED UNDER FRCP 14(a) [*sic*]?");[1] *see also id.* at PageID.2499 (referring to "FRCP 24(a)").) Rule 24(a) governs "intervention of right." Here, Mr. Heibeck does not identify if he seeks intervention of right under Rule 24(a)(1) or 24(a)(2), nor does he explain why he has a right to intervene under either provision.

Additionally, Mr. Heibeck does not address any factors or criteria that would justify intervention. He implies that the Court should find that his motion to intervene is timely, and quotes *United States v. City of Detroit*, 712 F.3d 925, 930–31 (6th Cir. 2013), which describes "factors to be considered in determining timeliness." (ECF No. 64, PageID.2499.) However, Mr. Heibeck does not perform this analysis or explain why the Court should conclude that his motion is timely.

In short, Mr. Heibeck has not shown an entitlement to intervention. His motion to intervene is utterly threadbare and perfunctory. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quoting *Citizens*

[1] The Court assumes that "FRCP 14(a)" is a typographical error and was intended to be "FRCP 24(a)."

*Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n,* 59 F.3d 284, 293–94 (1st Cir. 1995))). He has failed to meet his burden for intervention and his motion must be denied.[2]

For the reasons set forth above, Mr. Heibeck's motion to intervene (ECF No. 64) is DENIED. Because his motion to intervene is denied and he thus lacks permission to make filings in this case, Mr. Heibeck's motions for reconsideration (ECF No. 69) and to supplement the record (ECF No. 72) are DENIED AS MOOT.

IT IS SO ORDERED.

Dated: August 10, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

[2] The Court notes that Mr. Heibeck's reply to his motion to intervene and his motion to supplement the record do not provide any additional clarification or argument that would cure these defects. (ECF Nos. 71, 72.)